***********
The Full Commission reviewed the prior Opinion and Award, based upon the record of the proceedings before Deputy Commissioner Chapman and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award. Accordingly, the Full Commission affirms the Opinion and Award of Deputy Commissioner Chapman.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered by the parties as:
 STIPULATIONS
1. At the time of the alleged injury by accident, the parties were subject to and bound by the provisions of the Workers' Compensation Act.
2. The employer-employee relationship existed between defendant-employer and plaintiff.
3. Continental General Tire Company was a self-insured employer with Gallagher Bassett as its servicing agent.
4. Plaintiff's average weekly wage was $989.66.
5. On January 31, 1998 plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer.
6. The parties stipulated into evidence the Form 28B dated October 23, 2001, in the Industrial Commission file.
7. After the hearing before the Deputy Commissioner, the following documents were submitted and received into evidence:
a. Packet of medical records and reports;
b. Letter to Ms. DeMarco from Dr. Kleitches;
c. Report by Ms. DeMarco dated February 16, 2004, with four pages of records from Dr. Kleitches attached;
d. Letter to Dr. Carlisle from Ms. DeMarco dated January 8, 2004, with three pages of records attached; and,
e. Letter from Ms. DeMarco to Dr. Singer dated January 8, 2004, with his handwritten response.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff, who is forty-eight years old and a high school graduate, began working for defendant in December 1989 as a tire builder. She was still employed in that capacity on January 31, 1998, when she sustained the compensable injury by accident giving rise to this claim. A co-worker found plaintiff unconscious on the floor under her machine and bleeding from her mouth. Apparently, plaintiff's arm had become caught in the machine and her head was pulled against it. As a result of the accident, plaintiff fractured her jaw, knocked out a tooth, loosened other teeth, injured her neck, left arm, and low back, and sustained burns to her chest and left arm. She was taken to the emergency room where she was evaluated by Dr. Carlisle, an oral surgeon. Dr. Carlisle diagnosed plaintiff with a mobile left mandibular-aveolar ridge fracture involving three teeth, and he performed surgery to repair the fracture and to stitch a small laceration to her lip. An arch bar or splint was placed in her mouth during the operation. Dr. Carlisle removed the splint on February 28, 1998.
2. Dr. Kleitches, a dentist, cleaned plaintiff's teeth while the splint was in place and then treated her for the damage she sustained to her teeth. He crowned three teeth and placed a bridge over a tooth, which was knocked out in the accident. Dr. Kleitches subsequently performed root canals to six teeth.
3. Some of plaintiff's medical records were not submitted by the parties, including most of those arising from her initial treatment. Plaintiff was apparently treated by a Dr. Leslie for neck and arm pain, and for headaches. However, in April 1998, Dr. Singer, an orthopedic surgeon, began treating plaintiff for those symptoms. Dr. Singer also referred plaintiff to Dr. Hawes, a neurologist, for evaluation and treatment. Plaintiff was treated conservatively with medication, physical therapy, trigger point injections, and limitations on her activities. Her symptoms very slowly improved. On October 19, 1999, plaintiff returned to work on a part-time basis in her former position. However, the job was so physically demanding that it aggravated her symptoms. Consequently, Dr. Hawes subsequently recommended that she not work at that machine.
4. In July 2000, defendant offered plaintiff a position as a stylistic machine operator, which involved lighter work duties. At Dr. Hawes' recommendation, she started working in the new position on a part-time basis with instructions to gradually increase her working hours. A normal work shift at the plant was twelve hours, and plaintiff was not able to work that many hours at one time until December 25, 2000. However, she was thereafter able to continue working on a full time basis in her new job and she remained so employed as of the date of hearing before the Deputy Commissioner.
5. Plaintiff requested a hearing in order to receive compensation for permanent partial disability. Defendant paid her compensation for temporary total disability until she returned to work, and then paid compensation to her for temporary partial disability through December 24, 2000, while she was working on a part-time basis. Defendant has claimed that plaintiff reached maximum medical improvement when Dr. Singer rated her and that she received as much compensation for her actual wage loss after that date as she would have received for her ratings. The evidence of record does not disclose specifically how much compensation defendant paid to plaintiff after July 13, 2000, when Dr. Singer gave plaintiff her final rating. In any event, it was apparent from the evidence that plaintiff had not reached maximum medical improvement at that time. On July 13, 2000, she was able to only work limited hours in her new position on the stylistic machine. Plaintiff remained physically incapable of working twelve hours per day due to the residual symptoms from her injury. Her left arm would swell with heavy use, and would be sore and tingle with normal use. Plaintiff also had some persistent neck and shoulder pain. Her condition continued to gradually improve after that date until December 25, 2000, when she was able to resume a full time work schedule.
6. Plaintiff reached maximum medical improvement with respect to her injury at work no sooner than December 25, 2000. She sustained a four percent (4%) permanent partial disability to her cervical back and a twelve percent (12%) permanent partial disability to her left arm as a result of the injury. Plaintiff also lost tooth number 10 and had to have crowns placed on teeth number 8, 9, and 11, which are all important parts of the body.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Plaintiff is entitled to compensation at the rate of $532.00 per week for twelve weeks for a four percent (4%) permanent partial disability to her cervical back, which she sustained as a result of the work-related injury by accident. N.C. Gen. Stat. § 97-31(23).
2. Plaintiff is entitled to compensation at the rate of $532.00 per week for 28.8 weeks for a twelve percent (12%) permanent partial disability, which she sustained to her left arm as a result of the work-related injury by accident. N.C. Gen. Stat. § 97-31(13).
3. Plaintiff is entitled to compensation in the amount of $420.00 for the loss of tooth number 10, and $210.00 each for the permanent damage to teeth numbers 8, 9 and 11. Plaintiff's teeth are important parts of the body. N.C. Gen. Stat. § 97-31(24); and the Industrial Commission Rating Guide.
4. Plaintiff is entitled to have defendant provide all medical compensation arising from this injury by accident. N.C. Gen. Stat. §§97-2(19), and 97-25.
 ***********
Based upon the foregoing stipulations, findings of fact, and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendant shall pay compensation to plaintiff at the rate of $532.00 per week for 40.8 weeks for her permanent partial disability. This compensation has accrued and shall be paid in a lump sum.
2. Defendant shall pay compensation to plaintiff in a lump sum in the amount of $1,050.00 for the loss of one tooth and permanent damage to three other teeth.
3. Defendant shall pay all medical expenses incurred by plaintiff as a result of her work-related injury by accident.
4. Defendant shall pay the costs.
This 2nd day of February 2005.
 S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/____________ BUCK LATTIMORE CHAIRMAN